MANTON,
Circuit Judge, concurring in part and dissenting in part.
I agree with the court’s analysis in part II.A but part company on part II.B. Clark’s failure to pay the credit union the balance due on the credit card was a loan. As noted in State of Ill. ex rel. Lignoul v. Continental Nat’l Bank and Trust Co. of Chicago, 409 F.Supp. 1167, 1178 (N.D.Ill.1975), “a loan may be defined as a contract whereby one delivers money to another who agrees to return an equivalent sum at a future time[;] a significant aspect of a loan is the running of interest.” Not only did Clark have a line of credit, which allowed her to borrow up to a certain amount in the future, but she actually drew down on that line, thus using her credit card to acquire a loan from the bank to pay third parties. She now owes principal and interest on that loan. As noted in Continental, a simple agreement to make small loans by use of a credit card does not a loan make. “A loan is not made until the time when a cash advance is taken.” Supra at 546 (citing Continental). The same is true of a credit card charge. Until interest begins to run, no loan is made. “If payment is made within the specified payment period, no interest accrues at all.” Continental, 409 F.Supp. at 1178.
Clark did not pay on time, thus interest began to accrue on the balance due. That is clearly a loan that should be secured by the refund. “A loan is made (and ‘money lent’) when the customer receives funds on which he immediately begins to pay interest----” Independent Bankers Ass’n of America v. Smith, 534 F.2d 921, 948 (D.C.Cir.1976). Although Clark did not physically receive funds, she received goods from merchants, who received cash from the credit union. When she did not pay the credit union on time, interest — and a loan — began. I agree with the decision of the bankruptcy court and would reverse the district court on this issue.